UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MYRNA L. GRIFFITH,

                      Plaintiff,

-against-                                            3:23-CV-475 (LEK/ML)

CITI BANK/CHECKING PLUS,

                      Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.   INTRODUCTION**

Pro se Plaintiff Myrna Griffith commenced this action by filing a complaint asserting claims against Defendant Citi Bank/Checking Plus. Dkt. No. 1 ("Complaint"). Defendant filed a motion for summary judgment,[1] Dkt. No. 70-15 ("Motion"), and provided a statement of material facts, Dkt. No. 70-16 ("Statement of Material Facts," or "SMF"). Plaintiff filed a response, Dkt. No. 78,[2] to which Defendant filed a reply, Dkt. No. 79. For the reasons that follow, the Motion is granted.

**II.   BACKGROUND**

    **A. Admission of Statement of Material Facts**

On October 29, 2024, Plaintiff was served with a standard form titled "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion." *See* Dkt. No. 81. This form clarifies that if Plaintiff "do[es] not submit a proper response to the defendants' statement

---

[1] This docket entry mistakenly refers to the Motion as a "motion to dismiss." *See* Dkt. No. 70.
[2] Plaintiff filed several documents after Defendant filed its motion for summary judgment. Dkt Nos. 75, 76, 78. However, Plaintiff's initial filings note that she will file a more substantive response. *See* Dkt. No. 76. Defendant also filed a reply soon after. Dkt. No. 79. Accordingly, the Court construes Dkt. No. 78 as Plaintiff's response.

of material facts, the Court may deem [Plaintiff] to have admitted the defendants' factual statements." N.D.N.Y. Notification of the Consequences of Failing to Respond to a Summary Judgment Motion; *see also* N.D.N.Y. L.R. 56.1(b). Plaintiff did not file a response to the Statement of Material Facts. *See* Dkt. No. 86. Therefore, the Court will deem properly supported facts stated in the Statement of Material Facts as admitted for the purposes of the Motion. *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (accepting as admitted the properly supported facts contained in an unopposed statement of material facts).

B. **Factual Background**

Plaintiff maintained Checking Plus account #---0197 ("Account #0197") in good standing until she requested its closure. SMF ¶ 4. In December 2016, Plaintiff opened a new checking account, account #---2531 ("Account #2531"), along with a new Checking Plus line of credit. *Id.* ¶ 8. Plaintiff decided to close Account #0197. *Id.* ¶ 10. There was an outstanding balance of $9,101.69 on the Checking Plus line of credit linked to Account #0197. *Id.*

On January 23, 2017, Plaintiff went to the Citibank branch located at 51-31 Northern Boulevard, Queens, New York. *Id.* ¶ 12. There, she used her ATM card to transfer $9,137.28 from her Checking Plus account into Account #2531. *Id.* ¶ 13. She then made a withdrawal with a bank teller in the amount of $9,137.28. *Id.* ¶ 14. Plaintiff subsequently made a payment of $9,137.28 to pay off the outstanding balance linked to Account #0197. *Id.* ¶ 15. On January 25, 2017, Citibank issued a letter to Plaintiff to confirm that Account #0197 had been closed, with no line of credit, and that the balance was $0. *Id.* ¶ 19.

The customer manual governing Plaintiff's Checking Plus account contains a provision limiting the time to bring any claims or disputes related to the account. *Id.* ¶ 31. This manual provides that "an action . . . must be commenced within one (1) year after the cause of action

accrues." *Id.* Additionally, Plaintiff's Checking Plus Agreement contained specific provisions governing a customer's review of monthly statements and the process for disputing any errors or discrepancies. *Id.* ¶ 20. Pursuant to this agreement, any customer who believes there is an error on their statement must notify Defendant within sixty days after the error appeared. *Id.* ¶ 23.

Plaintiff received regular monthly statements for both Account #0197 and Account #2531, all of which reflected her banking activity. *Id.* ¶ 24. Plaintiff did not notify Defendant of any disputes or discrepancies related to her account until filing the present action. *Id.* ¶ 30. Plaintiff filed her Complaint on April 17, 2023. *Id.* ¶ 1.

The Complaint alleges one claim of fraud and one civil RICO claim under 18 U.S.C. § 1864. Compl. at 3; Dkt. No. 1-1 at 1. Construed liberally, the Complaint also alleges one claim under the Truth in Lending Act ("TILA") under 15 U.S.C. § 1640, and the Electronic Funds Transfer Act ("EFTA") under 15 U.S.C. § 1693m. *See* Mot. at 7–11.

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, summary judgment cannot be granted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Taggart v. Time, Inc.*, 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing a court of the basis for its motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

After the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts" to defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rely on "mere conclusory allegations, speculation, or conjecture," *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020), and must present more than a mere "scintilla of evidence" to support its claims, *Anderson*, 477 U.S. at 252. At the same time, a court must resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S 133, 150 (2000). The Court "may not make any credibility determinations or weigh the evidence." *Id.* Thus, a court's duty in reviewing a motion for summary judgment is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

## IV.     DISCUSSION

### A.  Federal Claims

Defendant argues that Plaintiff's claims under TILA and EFTA are time-barred. Mot. at 7–11. The Court agrees. Both TILA and the EFTA impose one-year statutes of limitations from the date the alleged violated occurred. 15 U.S.C. § 1640(e); 15 U.S.C. §1693m(g). The transactions at the center of this dispute occurred on January 23, 2017, yet Plaintiff did not file

her Complaint until April 17, 2023, more than six years later. Accordingly, Plaintiff's claims under TILA and the EFTA are dismissed as time-barred.

Similarly, Plaintiff's civil RICO claim is time-barred.[3] "The statute of limitations for a civil RICO claim is four years." *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 233 (2d Cir. 2008) (citing *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987)). The statute of limitations begins to toll when a plaintiff "discovers, or should discover, both an injury and a pattern of RICO activity." *Rotella v. Wood*, 528 U.S. 549, 553 (2000). Plaintiff received monthly statements following the transactions on January 23, 2017 that would have notified her of any potential injury. Because Plaintiff only brings this claim now, over six years since the alleged injury occurred and well past the four-year statute of limitations, Plaintiff's civil RICO claim is dismissed as time-barred.

### B. State Law Claims

To the extent Plaintiff alleges state law claims, including fraud, the Court declines to exercise supplemental jurisdiction over them. A district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court dismisses Plaintiff's federal claims as time-barred, it declines to exercise supplemental jurisdiction over any supplemental state law claims.

### V. CONCLUSION

Accordingly, it is hereby:

---

[3] Defendant does not address Plaintiff's civil RICO claim, to the extent that she alleges one in her Complaint. Indeed, Plaintiff's only mention of a civil RICO claim is the checked box on the civil cover sheet attached to the Complaint. *See* Dkt. No. 1-1. Nevertheless, the Court will *sua sponte* address the merits of this claim.

**ORDERED**, that Defendant's motion for summary judgment, Dkt. No. 70, is **GRANTED**; and it is further

**ORDERED**, that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   May 13, 2025
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge